# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **RECONSIDER DETENTION ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Kristen Rose Valencia, | ) | Case No.  1:17-cr-118 and 1:17-cr-166 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Reconsider Detention Order (Doc. No. 475 in Case No. 1:17-cr-118 and Doc. No. 334 in Case No. 1:17-cr-166). Defendant was ordered detained pending her revocation hearing after a detention hearing on November 19, 2020, in which the United States opposed her release. See Doc. Nos. 471 in 1:17-cr-118, and 331 in 1:17-cr-166.

Defendant requests to be released to her mother's home in Spearfish, South Dakota, where she could reside with her newborn son. There, she plans to participate in outpatient treatment at the Native Healing Program with her mother's support. Defendant states that she will comply fully with all release conditions. With her motion, Defendant includes a letter from her mother giving further details as to the release plan and a letter from Native Healing Program.

The Court has been advised there may yet be some opposition to the instant request due to defendant's substance abuse and past failures to complete treatment. While cognizant of these concerns, the Court finds that the location of the proposed release, many miles distant from Defendant's former community, as well as the presence of strong family support,  mitigate the risks of community danger or flight risk. As such, the Court **GRANTS** the motion (Doc. No. 475; Doc. No. 334) and **ORDERS** that Defendant be released no earlier than 7:00 P.M. this

evening, November 25, 2020, to her mother, Vida Dogskin, for immediate transport to Ms. Dogskin's residence in Spearfish, SD.

While on release, Defendant must comply with the following conditions:

(1) Defendant shall reside with Vida Dogskin and not change this residence without the approval of the United States Probation Office.

(2) Defendant shall abide by all previously-imposed conditions of release. <u>See</u> Doc. No. 437 in Case No. 1:17-cr-118; Doc. No. 307 in Case. No. 1:17-cr-166.

(3) Within seven days of release, Defendant shall begin treatment in the Ogala Sioux Tribe's Native Healing Program.

**IT IS SO ORDERED**.

Dated this 25th day of November, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court